Opinion issued October 18, 2007

 











In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00142-CR






RAFAEL SIFUENTES, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 182nd District Court

Harris County, Texas

Trial Court Cause No. 1050576






MEMORANDUM OPINION


 Appellant, Rafael Sifuentes, pleaded guilty to the offense of burglary of a
habitation and true to one enhancement paragraph, without an agreed
recommendation from the State. After a presentence investigation, the trial court
assessed his punishment at confinement for 25 years. We affirm.

 Appellant's counsel on appeal has filed a brief stating that the record presents
no reversible error, that the appeal is without merit and is frivolous, and that the
appeal must be dismissed or affirmed. See Anders v. California, 386 U.S. 738, 87
S.Ct. 1396, (1967). The brief meets the requirements of Anders by presenting a
professional evaluation of the record and detailing why there are no arguable grounds
for reversal. Id. at 744, 87 S.Ct. at 1400; see also High v. State, 573 S.W.2d 807, 810
(Tex. Crim. App.1978). 

 Counsel represents that he has served a copy of the brief on appellant. Counsel
also advised appellant of his right to examine the appellate record and file a pro se
brief. See Stafford v. State, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991). More than
30 days have passed, and appellant has not filed a pro se brief. Having reviewed the
record and counsel's brief, we agree that the appeal is frivolous and without merit and
that there is no reversible error. See Bledsoe v. State, 178 S.W.3d 824, 826-27(Tex.
Crim. App. 2005). 

 We affirm the judgment of the trial court and grant counsel's motion to
withdraw. (1) 

PER CURIAM


Panel consists of Justices Nuchia, Hanks, and Bland.

Do not publish. Tex. R. App. P. 47.2(b).









 



 

1. Appointed counsel still has a duty to inform appellant of the result of this appeal and
that she may, on her own, pursue discretionary review in the Texas Court of Criminal
Appeals. See Bledsoe v. State, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).